*Reversed and remanded.*

## EX PARTE DAN E. CURTIS.

No. 18671. Delivered November 12, 1936.

The opinion states the case.

*Jesse E. Martin* and *Arthur Lee Moore,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—This is an original application for a writ of habeas corpus.

After the adjournment of this court in June, 1936, relator presented to the Honorable Presiding Judge of this court his application for a writ of habeas corpus, setting out that on the 13th day of August, 1936, an "Affidavit for information" was filed in the Justice Court of Precinct No. 1 of Tarrant County, charging that relator "Did then and there unlawfully keep and was interested in keeping premises for the purpose of being used as a place to bet, wager and gamble on dog races." The petition further set out that a warrant was issued and placed in the hands of the sheriff of Tarrant County, who arrested relator and was holding him in custody "By reason of the filing of said affidavit for information and issuance and service of said warrant." A copy of the warrant is attached to the application. It is also set up in the application that request had been made of the various judges of Tarrant County for the issuance of a writ of habeas corpus herein, which had been categorically denied by said judges.

As far as this court is informed and knows there is no offense against the laws of the State of Texas, within the jurisdiction of any justice of the peace, such as is described and referred to in relator's application. The jurisdiction of the justice of peace court extends only to misdemeanor cases, and in no event is a prosecution in the justice court by information.

It being clear that the offense, if any, attempted to be charged in the affidavit for information was not one of which the justice court had jurisdiction, the writ is granted, and the court below is held to be without authority to issue the warrant in question, and hence the detention of relator thereunder is illegal. The discharge of the relator is ordered.

*Relator discharged.*